IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:07-CR-0153-01** |
| | : | |
| **v.** | : | |
| | : | |
| **CARLTON L. EASTER** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Before the court is a petition filed by Carlton Easter ("Petitioner") pursuant to 28 U.S.C. § 2241. Petitioner is challenging the enhancement of his sentence under United States Sentencing Guidelines § 2D1.1(b)(1) for possession of a weapon during a drug trafficking crime. He argues that this enhancement is no longer applicable in light of *Rosemond v. United States*, __ U.S. __, 134 S. Ct. 1240 (2014). Because the petition is one for *habeas corpus*, the court will review it pursuant to Rule 4 of the Rules Governing petitions submitted pursuant to 28 U.S.C. § 2255 to determine if Petitioner is entitled to relief.

### **I.  Background**

Petitioner was found guilty of possession with the intent to distribute, and distribution of, 50 grams and more of crack cocaine, as well as conspiracy to do the same. He was sentenced on March 31, 2009. Petitioner appealed his conviction to the Third Circuit Court of Appeals, which affirmed his conviction and judgment. He subsequently filed two post-conviction proceedings: one sought a reduction in

his sentence based on Amendment 750 regarding reduction of crack cocaine amounts, while the other, pursuant to 28 U.S.C. § 2255, raised issues addressed in *United States v. Johnson*, __ U.S. __, 135 S. Ct. 2551 (2015). Both petitions were denied and no appeals were taken.

**II.     Discussion**

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255. Petitioner acknowledges that he cannot meet the time requirements of § 2255(f)(1) and (3). (*See* Doc. 358, ¶ 16.)

Petitioner has another impediment he must overcome. The instant petition would constitute a second or successive motion. Such a motion must be certified by a panel of the Court of Appeals before being filed with the district court. *See* 28 U.S.C § 2244(3)(A). Petitioner has failed to get the appropriate certification.

### III. **Conclusion**

Based on the foregoing, the court is without jurisdiction to entertain the petition and it will be dismissed. Petitioner's request to proceed *in forma pauperis*, however, will be granted for the limited purpose of filing the petition.

An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: April 11, 2018