IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:07-cr-153** |
| | : | |
| v. | : | |
| | : | |
| **CARLTON L. EASTER** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Before the court is a motion filed by Carlton Easter ("Easter") pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 361.) For the reasons that follow, the motion will be denied.

**I.     Background**

Easter was charged in a second superseding indictment with two counts of intentionally and knowingly possessing with the intent to distribute and distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 2 (Counts I and II); one count of intentionally and knowingly possessing, carrying, and using a firearm during, in relation to, and in furtherance of a drug trafficking offense, in violation of 21 U.S.C. § 841(a)(1) (Count III); and one count of knowingly and intentionally conspiring with others with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count IV). (Doc. 100.) At trial, the jury found Easter guilty of counts II and IV.

After trial, Carlton filed an appeal, and the Court of Appeals for the Third Circuit affirmed the judgment of conviction and sentence. (Doc. 259.) On December 3, 2010, Easter filed a motion pursuant to 28 U.S.C. § 2255, which was denied on May 19, 2011. (Doc. 277.) No appeal was taken from that order. On April 10, 2018, Easter filed a motion pursuant to 28 U.S.C. § 2241 (Doc. 358), which was denied (Doc. 360). On May 10, 2018, Easter filed the instant motion pursuant to Rule 60(b)(6).

## II. Discussion

The Rule 60(b)(6) motion is an attack on an underlying conviction and should be presented pursuant to 28 U.S.C. § 2255. To the extent that Easter claims that there has been a change in the law that makes him innocent of the crimes, such a showing must be credible. In support of his claim of actual innocence, Easter cites to *Rosemond v. United States*, 134 S. Ct. 1240 (2014), which held as follows:

> A federal criminal statute, § 924(c) of Title 18, prohibits "us[ing] or carr[ying]" a firearm "during and in relation to any crime of violence or drug trafficking crime." In this case, we consider what the Government must show when it accuses a defendant of aiding or abetting that offense. We hold that the Government makes its case by providing that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. We also conclude that the jury's instructions given below were erroneous because they failed to require that the defendant knew in advanced that one of his cohorts would be armed.

2

*Id.* at 1243. The *Rosemond* case is not applicable to Easter as he was found not guilty of the 924(c) charge (Count III). Furthermore, even if he had been found guilty of Count III, his motion would be untimely as *Rosemond* was decided over four years ago.

Accordingly, the motion will be denied. An appropriate order will issue.

     s/Sylvia H. Rambo
     SYLVIA H. RAMBO
     United States District Judge

Dated: May 16, 2018