IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:07-cr-153** |
| | : | |
| v. | : | |
| | : | |
| **CARLTON EASTER** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Presently before the court is Carlton Easter's motion for reconsideration of this court's June 25, 2019 memorandum and order denying his motion for a sentence reduction under the First Step Act. For the reasons set forth below, the motion will be denied.

**I.     Discussion**

In his motion for reconsideration, Easter argues that this court erred by relying on the drug quantity set forth in the PSR rather than the offense of conviction to determine the statutory penalty range under the Fair Sentencing Act. Easter misinterprets this court's prior ruling.

The First Step Act grants the court discretion to determine if a sentence reduction is warranted. In determining the propriety of a sentence modification, the Court first addresses whether a reduction comports with the requirements of the First Step Act and then "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §

3553(a)." *Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).

> As the court stated in its memorandum:
>
> When determining the statutory penalty for an offense, *the court looks to the offense charged in the indictment, not the quantity for which the defendant is later found responsible for purposes of determining the guideline range*. Congress did not direct district courts to consider what the government might have charged had the FSA been in effect at the time the offense was committed, but rather authorized courts to reduce the sentence of a defendant "as if sections 2 and 3 of the [FSA] were in effect at the time the offense was committed." Here, if sections 2 and 3 of the FSA had been in effect at the time, the court would have advised Easter that he was facing a 5-to-40 year statutory penalty range rather than a 10-to-life penalty range.

(Doc. 397, p. 4 n.1.)

Thus, the court agrees that the determinative factor is the drug quantity charged in the indictment and also agrees that Easter was convicted of a "covered offense" under the First Step Act. First Step Act of 2018, 115 Pub. L. 391 § 404, 132 Stat. 5194, 5222 (2018) (A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.") However, because the change in the statutory minimum from 10 years to 5 years does not affect Easter's sentencing guideline range, the court declined to grant a sentencing reduction. As the court explained, had the FSA been in effect at the time of his sentencing, his guideline range would have

been 168 to 210 months, which is well above the statutory mandatory minimum of 5 years. Thus, the FSA would change nothing, and therefore the court exercised its discretion in declining to reduce Easter's sentence.

## II. Conclusion

For the reasons set forth above, Easter's motion for reconsideration will be denied.

                                                s/Sylvia H. Rambo
                                                Sylvia H. Rambo
                                                United States District Judge

Dated: September 11, 2019