IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:07-cr-0153 |
| | : | |
| v. | : | |
| | : | |
| **CARLTON EASTER** | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

    Before the court is Defendant Carlton Easter's Motion for Early Termination of Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1), in which he asks the court to use its discretionary authority to terminate his remaining term of supervised release. In the motion, Easter proclaims that he has "experienced a renaissance . . . at the ransom of a lengthy prior prison sentence" and "has enjoyed a metamorphosis away from criminality" since his release. (Doc. 442.) The Government and Probation Office dispute Easter's purported transformation and recommend that his term of supervised release remain undisturbed. (*See* Doc. 444.)[1] For the reasons that follow, the court finds that Easter has not met his burden to show that early termination of supervised release is warranted and thus will deny his motion.

---

[1] The Probation Office has submitted a confidential report directly to the court for its consideration in this matter.

1

I.  **BACKGROUND**

The court assumes the parties' familiarity with the underlying facts. As relevant here, the drug trafficking activities underlying Easter's conviction came to light during an undercover sting operation where the FBI arranged to sell crack cocaine to Easter and several co-conspirators. (Presentence Report ("PSR") ¶ 9.) When the informant/dealer arrived at the vehicle for the drug transaction, Easter observed several individuals that he suspected were parole officers and instructed the driver to relocate to an area out of view of law enforcement. During the subsequent controlled buy, police descended on the vehicle and the driver fled, resulting in a high-speed chase through a residential neighborhood. (Id. at ¶ 10.) Ultimately the driver stopped the vehicle and absconded with the other co-conspirators, while Easter, who was unable to run due to a prior gunshot injury, remained in the passenger seat. Officers eventually apprehended all four individuals and recovered cocaine base, marijuana, and a gun. Upon his arrest, Easter admitted to trafficking in quantities of crack cocaine for years preceding his arrest.

Following a jury trial held in February 2008, Easter was convicted of possession with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (2), and conspiracy to distribute and possess with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 846. At the time of his conviction, each count carried a statutory minimum penalty of 10

years and a minimum term of supervised release of 5 years. For purposes of calculating his guideline range, the court found Easter responsible for 343.55 grams of crack cocaine, based upon 255.15 grams, or 9 ounces, of crack cocaine that he and his co-conspirators attempted to buy from the informant and 88.4 grams of crack cocaine seized at the time of their arrests. The court thus calculated Easter's base offense level as 32, and then assessed a two-level enhancement for possession of a fireman, resulting in an adjusted offense level of 34. He was assigned a criminal history category of IV, yielding a guideline custody range of 210 to 262 months. On March 31, 2009, the court sentenced Easter at the low end of the applicable guideline range to 210 months' imprisonment followed by five years of supervised release on each count to run concurrently. (Doc. 213.) The court later reduced Easter's sentence to 168 months in prison pursuant to Amendment 782. (Doc. 328.)[2]

Easter was released from prison on February 10, 2020. With over a year remaining on his term of supervised release, Easter asks the court to grant his motion for early termination.

II.   **LEGAL STANDARD**

The court has authority to grant early termination of supervised release pursuant to 18 U.S.C. § 3583(e), which provides that:

---

[2] Contrary to Easter's assertion that his supervised release term was reduced to four years with this resentencing, the term remains at five years. (*See* Doc. 328.)

3

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) ... terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

A defendant seeking to reduce his or her sentence bears the burden of persuasion. *See United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989) ("[T]he ultimate burden of persuasion should rest upon the party attempting to adjust the sentence."). In assessing whether the defendant has met that burden, the court must consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found. guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88–89 (3d Cir. 2018) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D) & (a)(4)-(7)).

After considering these factors, the court may provide relief if it is satisfied that "early termination is warranted by the defendant's conduct and is in the interest

of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* District courts, however, are not required to "make specific findings of fact" as to each of the § 3553(a) factors. *Id.* at 52-53. A statement that the court has considered the statutory factors is sufficient. *Id.*

### III.  DISCUSSION

Easter advances the following reasons in support of his motion for early termination of supervised release: (1) he has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities, including compliance with the court's express terms of supervision and the requirements of the Probation Office; (2) he has exhibited personal responsibility by caring for his parents and step-children; (3) he has established several businesses to create legitimate revenues of income; and (4) he has offered motivational public speaking to at-risk youth and created re-entry rooming houses for individuals released from prison. (*See* Doc. 443 ¶¶ 6-15.) In short, Easter argues that he has been rehabilitated.

The Government counters that Easter's proffered reasons do not justify the requested relief because, among other things, compliance with the terms of supervised release is expected, and none of the activities Easter has purportedly engaged in constitute exceptional behavior. The Probation Office not only agrees

with the Government but has also provided signification information to the court that casts doubt on Easter's self-proclaimed rehabilitation.

After considering the statutory factors and Easter's post-release behavior, together with the Probation Office's present concerns, the court concludes that early termination of Easter's supervised release is unwarranted. Initially, given the serious nature of the underlying offenses and Easter's admission that he trafficked drugs for years, the five-year mandatory minimum term of supervised release imposed by the court is sufficient but not greater than necessary to reflect the seriousness of the offense and to provide just punishment. Further, there is no evidence that new or unforeseen circumstances have arisen to justify early termination.[3] Easter's apparent efforts to help his family, volunteer in the community, and create new work opportunities are laudable. These actions, however, are expected of a person on supervision and do not entitle Easter to early termination of supervised release. *See e.g., United States v. Laine*, 404 F. App'x 571, 573-574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not

---

[3] This Court recognizes that the Third Circuit has "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown," *Melvin*, 978 F.3d at 53 (emphasis added), but it is nonetheless one of a number of factors that this Court should consider in determining the merits of Easter's motion. *See e.g. id.* ("We think that [g]*enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it. That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.") (some internal citations and quotation marks omitted) (emphasis in original).

exceptional") *abrogated by Melvin*, 978 F.3d 49 (3d Cir. 2020); *United States v. Welling*, No. 20-167, 2021 WL 409834, *4 (W.D. Pa. 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release.") (citing *United States v. Banks*, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. 2015)) (emphasis in original); *United States v. Guilliatt*, No. 01-408, 2005 WL 589354, at *1 (E.D. Pa. 2005) ("The conduct cited by defendant in support of his Petition is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If simple compliance with the terms of supervision were sufficient to justify early termination, "the exception would swallow the rule." *Guilliatt*, 2005 WL 589354, at *1.

The five-year term is also necessary to afford the adequate deterrence for drug-trafficking and firearm offenses, and to encourage Easter to refrain from engaging in further unlawful behavior, especially when he has, in the past, exhibited concern that parole officers were watching him conduct drug deals. *See e.g. United States v. Miles*, 2020 WL 4904019, *3 (W.D. Pa. 2020) ("Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community."). In addition, the court is still concerned about the risk of Easter engaging in criminal activity based on the

information provided by the Probation Office. Thus, having considered all the statutory factors under the particular circumstances of this case, the court concludes that early termination of Easter's supervision is not warranted.

## IV.   **CONCLUSION**

For the reasons set forth above, Easter's Motion for Early Termination of Supervised Release (Doc. 443) will be denied. A separate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  October 6, 2023